UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RAEDEKE,

        Petitioner,

v.                                        CASE NO. 05-60276
                                         HONORABLE JOHN CORBETT O'MEARA

JAN TROMBLEY,

        Respondent.

_____/

## ORDER GRANTING A CERTIFICATE OF APPEALABILITY

Petitioner Michael Raedeke has appealed the Court's denial of his habeas corpus petition. Currently pending before the Court is Petitioner's Motion for a Certificate of Appealability.

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability]." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a [certificate of appealability] will issue in some instances where there is no certainty of ultimate relief. After all, when a [certificate of appealability] is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'" *Miller-El*, 537 U.S. at 337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307

(6th Cir. 1997). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[A] claim can be debatable even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

The habeas petition challenges Petitioner's conviction for first-degree murder. His claims are:

> I. the prosecutor denied Petitioner a fair trial where, in a case with a partly inculpatory statement by Petitioner, he falsely told the jury without evidence that the petitioner admitted to police that he committed the crime in this case;
>
> II. Petitioner was denied due process and other rights where jurors were unable to hear the testimony;
>
> III. Petitioner's statement to police while under arrest was improperly admitted because of violation of the *Miranda* rule;
>
> IV. Petitioner was prejudiced by ineffective assistance of trial counsel; and
>
> V. Petitioner was prejudiced by ineffective assistance of appellate counsel.

The Court denied relief because (1) the police officer's question to Petitioner was attendant to Petitioner's arrest and did not constitute custodial interrogation; (2) the prosecutor's comment that Petitioner admitted guilt was a fair inference from the evidence; (3) the trial court ensured that the jurors could hear the testimony; (4) defense counsel's representation of Petitioner did not amount to constitutionally ineffective assistance of counsel; and (5) appellate counsel was not

2

ineffective because the habeas issues were not clearly stronger than the ones raised on appeal.

Although the Court concluded that Petitioner was not entitled to the writ of habeas corpus, reasonable jurists could find the Court's assessment of Petitioner's constitutional claims debatable. The issues presented warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 674 (2004). Therefore, Petitioner's Motion for a Certificate of Appealability [Doc. 28, Mar. 17, 2008] is GRANTED. Petitioner may appeal all his claims.

s/John Corbett O'Meara<br>United States District Judge

Date: March 26, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 26, 2008, by electronic and/or ordinary mail.

s/William Barkholz<br>Case Manager